UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | EDCV 23-02126-MWF (SPx) | **Date:** | May 6, 2024 |
| **Title:** | Robert Cantu v. C.R. England, Inc. et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]

Before the Court is a Plaintiff Robert Cantu's Motion to Remand (the "Motion"), filed on November 27, 2023. (Docket No. 16). Defendant C.R. England, Inc. filed an Opposition on December 13, 2023. (Docket No. 18). Plaintiff filed a Reply on December 21, 2023. (Docket No. 19).

The Court has read and considered the Motion and held a hearing on **January 8, 2024**.

The Motion is **DENIED**. Defendant proffered sufficient evidence to establish that the amount-in-controversy exceeds $5,000,000.

## I.   BACKGROUND

Plaintiff commenced this action in San Bernardino County Superior Court on May 2, 2023. (Complaint (Docket No. 1-1)). Plaintiff alleges that Defendant (1) failed to pay overtime wages under California Labor Code sections 510 and 1194, etc.; (2) failed to pay minimum wages pursuant to California Labor Code sections 1194, 1194.2, 1197, etc.; (3) failed to provide meal periods in accordance with California Labor Code section 512, etc. and to pay one additional hour of pay for each workday that meal periods were not provided as required by Labor Code section 226.7; (4) failed to provide rest periods as required by applicable Wage Orders and to pay one additional hour of pay for each workday that rest periods were not provided as required by Labor Code section 226.7; (5) failed to pay timely wages in violation of Labor Code

---
**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 23-02126-MWF (SPx) | **Date:** May 6, 2024 |
| **Title:** Robert Cantu v. C.R. England, Inc. et al. | |

sections 201–03; (6) failed to provide accurate itemized wage statements in violation of Labor Code section 226; (7) failed to pay timely wages during employment in violation of Labor Code section 204; (8) failed to reimburse necessary business expenses in violation of Labor Code section 2802; (9) failed to pay unused vested vacation days upon resignation or termination under Labor Code § 227.3; and (10) violated California's Unfair Competition Law under California Business & Professional Code sections 17200 *et seq*.  (*See generally id.*).

On October 17, 2023, Defendant removed this action by invoking the Court's federal question jurisdiction under the Class Action Fairness Act ("CAFA").  (Notice of Removal (Docket No. 1) ¶ 7).

## II.  DISCUSSION

### A.  Class Action Fairness Act

Defendant removed this action under federal question jurisdiction under CAFA, which requires that the matter in controversy must exceed $5,000,000, the number of plaintiffs must be 100 or more, and any member of a class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d).  "Thus, unlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed 'minimal diversity.'"  *Broadway Grill Inc. v. Visa Inc.*, 856 F.3d 1274, 1276–77 (9th Cir. 2017) (quoting 28 U.S.C. § 1332(d)(7)).

Plaintiff does not contest the applicability of CAFA, but argues that Defendant has failed to "demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum".  (Motion at 3 (quoting *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013))).

"[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court.  In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether

CIVIL MINUTES—GENERAL

**Case No.** EDCV 23-02126-MWF (SPx)         **Date:** May 6, 2024

**Title:** Robert Cantu v. C.R. England, Inc. et al.

the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014).

In demonstrating that the amount in controversy exceeds the jurisdictional minimum, a defendant "may rely on reasonable assumptions." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). "Such 'assumptions cannot be pulled from thin air but need some reasonable ground underlying them.'" *Id.* at 925 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.* at 925 (citation omitted).

Defendant submitted the Declaration of Dustin England, the Vice President of Compliance of Defendant, with its Opposition. (Decl. of England (Docket No. 18-1) ¶ 2). Using Defendant's records and employment data, England determined that Plaintiff was employed by Defendant from early March 2021 through early April 2021, received a total of four wage statements, averaged four days of work per workweek and 6.96 hours of work per workday. (*Id.* ¶ 7). Additionally, England determined that Plaintiff worked 6.60 hours in excess of eight hours of work during the time he was employed, that he only worked beyond eight hours for three of the four weeks he was employed which averages to 2.2 hours in excess of eight hours of work during the time he was employed. (*Id.*).

Plaintiff's Complaint defines the putative class as "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Complaint ¶ 21). Using that information England determined that at least 7,439 drivers were employed by Defendant in California during the period from May 4, 2019 (the date four years before the summons issued in this case) through October 3, 2023 (the date the records were pulled). (Decl. of England ¶ 9). England then determined that those drivers worked a total of 374,572 workweeks during that period and worked an average of at least four days per workweeks and received an average hourly wage of at least $20 per hour during that time period. (*Id.*). Additionally, England determined that from March 2,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 23-02126-MWF (SPx)                **Date:**  May 6, 2024
**Title:**       Robert Cantu v. C.R. England, Inc. et al.

2022 through October 3, 2023 alone, 3,465 members of the putative class received in excess of 125,000 wage statements.  (*Id.* ¶ 12).

Plaintiff disputes the violation rate used by Defendant.  (Motion at 13).  In its Notice of Removal, Defendant used a 100% violation rate for the wage statement claim.  However, in its Opposition Defendant provided calculations using a 75% violation rate and using a conservative 25% violation rate.  Using the more conservate numbers Defendant determined the following for Plaintiff's claims:

- Overtime Claim: 374,572 [# of workweeks worked by putative class member drivers during the putative class period] x .25 [% of workweeks in which overtime hours were worked but not paid an overtime rate] x 1 [average number of overtime hours worked per workweek in which such hours were worked but not paid at overtime rate] x $7.50 [average overtime rate of $22.50 (based on a straight time rate of $15.00) less the straight time rate of $15.00] = $702,322.50.

- Minimum Wage Claim: 374,572 [# of aggregate workweeks worked by driver employees during the putative class period] x .25 [% of workweeks in which minimum wage violations occurred] x 1 [average number of hours worked per workweek in which such hours were worked but not paid at minimum wage] x $12.00 [lowest minimum wage rate during period] = $1,123,716 plus an equivalent amount of liquidated damages = $2,247,432.

- Meal and Rest Period Claims: 374,572 [aggregate workweeks during relevant period] x .25 [% of workweeks in which a meal period violation allegedly occurred] x 1 [number of meal period violations assumed to have been suffered during weeks in which they occurred] x $15.00 [average meal period premium based on an average hourly wage of $15] = $1,404,645.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | EDCV 23-02126-MWF (SPx) | **Date:** | May 6, 2024 |
| **Title:** | Robert Cantu v. C.R. England, Inc. et al. | | |

- Wage Statement Claim: 125,000 [total # of wage statements received] x .25 [assumed violation rate] = 31,250 wage statement violations; assuming that 3,465 of these violations were initial violations and the remaining 27,785 violations were subsequent violations: (3,465 x $50) + (27,785 x $100) = $2,951,750.

Based on four out of ten claims, Defendant determined that the total amount-in-controversy exceeded the jurisdictional minimum requirement. In his Reply, Plaintiff argues that the use of "at times" and "on occasion" in the Complaint does not justify the assumed violation rate. (Reply at 5). The Court finds that the violation rate, determined by Plaintiff's own allegations that he is representative of the putative class members, creates the reasonable assumption that the violation rate would be similar between him and the putative class members. (*See* Complaint ¶ 27); *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) ("As is inescapable at this early stage of the litigation, the removing party must be able to rely on a chain of reasoning that includes assumptions to satisfy its burden . . . as long as the reasoning and underlying assumptions are reasonable." (citation and quotation marks omitted)). Therefore, the use of the conservative violation rate more than sufficiently establishes that the amount-in-controversy exceeds $5,000,000.

### B.   Equitable Jurisdiction

Plaintiff also argues that remand is proper because the Court lacks equitable jurisdiction over Plaintiff's Unfair Competition Law claim. (Motion at 18–21). But "a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001). Because the Court has subject-matter jurisdiction over the vast majority of this case under CAFA, remand of the entire action would not be appropriate.

### III.   CONCLUSION

For the above reasons, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 23-02126-MWF (SPx)     **Date:** May 6, 2024
Title:     Robert Cantu v. C.R. England, Inc. et al.

     IT IS SO ORDERED.